# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | **Civil Action Nos.** |
| **Dennis Hague and Pandora Hague** | ) | |
| **as next friend for Jared Hague,** | ) | **10-30138-DJC** |
| | ) | |
| **Nathan Curtin,** | ) | **10-30142-DJC** |
| | ) | |
| **Kelly D'Astous as next friend for** | ) | |
| **Timothy D'Astous,** | ) | **10-30143-DJC** |
| | ) | |
| **Patrick Dowd and Lorraine Dowd** | ) | |
| **as next friend for Ryan Dowd,** | ) | **10-30144-DJC** |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Massachusetts Department of Elementary** | ) | |
| **and Secondary Education et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM & ORDER

**CASPER, J.**                                                      September 12, 2011

### I.    Introduction

Plaintiffs, Dennis Hague and Pandora Hague as next friend for Jared Hague ("Hague"),

Nathan Curtin ("Curtin"), Kelly D'Astous as next friend for Timothy D'Astous ("D'Astous") and

Patrick Dowd and Lorraine Dowd as next friend for Ryan Dowd ("Dowd") (collectively, the

"Plaintiffs") have brought four separate lawsuits alleging various federal and state claims against

the Defendants for the closure of the Heating Ventilation and Air Conditioning ("HVAC") program

at the Westfield Vocational Technical High School ("WVS") in which Curtin and the children of

the other Plaintiffs were enrolled.  The various Defendants comprise two groups:  the Massachusetts

Department of Elementary and Secondary Education and certain of its individually named employees in their official capacities (collectively, the "DESE Defendants") and the City of Westfield and certain of its employees acting in their official capacity and, in some cases, their personal capacities (collectively, the "Municipal Defendants").  The DESE Defendants have now moved to dismiss each of the complaints for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3).  The Municipal Defendants have moved to dismiss each action pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative for summary judgment pursuant to Fed. R. Civ. P. 56.  Although the Plaintiffs filed four separate actions, the parties agreed to have the motions in all of the cases consolidated.  The Court referred to matter to the magistrate judge (Neiman, M.J.) for report and recommendation.  After a hearing, Magistrate Judge Neiman issued his report and recommendation on the eight pending motions on July 26, 2011.

The report and recommendation recommends that the DESE Defendants' motions to dismiss as to each complaint be allowed in their entirety.  Report & Recommendation at 4, 27-28.  It is also recommended that the Individuals with Disabilities Education Act ("IDEA") claims raised by Plaintiffs Hague and Dowd in Count Twelve of each of their respective complaints be dismissed. Id. at 11-13.  The report and recommendation further recommends that the Municipal Defendants' motions be allowed as to Counts One and Three, id. at 13-22; that the Court not exercise supplemental jurisdiction over the claims in Counts Five through Eleven (and in Curtin's complaint, Count Twelve), id. at 27-28; and that the Court exercise supplemental jurisdiction over the Massachusetts Civil Rights Act claim in Count Four–that relates to the remaining federal claim in Count Two–and dismiss that claim.  Id. at 28.  It is recommended that only Count Two, the claim for violation of the Plaintiffs' First Amendment rights to free speech and association, survive the

motions to dismiss, but only as to Defendants Town of Westfield, Michael Boulanger (as Chairman of the Westfield School Committee) and Mary Ann Cleland, Laura Maloney, Kevin Sullivan, Robert Kapinos, Mary Beth Ogulewicz Sacco and Heather Sullivan in their official capacities as members of the Westfield School Committee.  Id. at 22-25.

## II.      Discussion

A district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  This Court, pursuant to 28 U.S.C. § 636(b)(1), must make "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.; see Fed. R. Civ. P. 72(b)(3).  Only the Municipal Defendants have filed objections to the July 26, 2011 report and recommendation.  They object only to the recommendation that Count Two, the First Amendment claim raised under 42 U.S.C. § 1983, survive their motions to dismiss.  Neither the Plaintiffs nor the DESE Defendants have filed objections to the report and recommendation.  Accordingly, the parties have not filed any objections to the report and recommendation concerning the magistrate judge's recommendations as to the disposition of the other claims in the complaints.  With no objections from the parties, see Thomas v. Arn, 474 U.S. 140, 150 (1985); Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275 (1st Cir. 1988), and in light of this Court's review of the analysis in the magistrate judge's report in regard to the disposition of these Counts, the Court adopts and accepts those unobjected to portions of the report and recommendation and adopts those recommendations described above.

### A.  Municipal Defendants' Objections

The Municipal Defendants object to the recommendation that Count Two of the amended complaint, the § 1983 claim for violation of free speech and assembly rights claim, stand against them. Municipal Def. Obj. at 2. They argue that the allegations in the operative complaints do not amount to sufficient pleadings to survive their Rule 12(b)(6) motions to dismiss and the recommendation not to dismiss this claim is inconsistent with the findings and ruling in <u>Estock v. City of Westfield</u>, 2011 WL 3207767 (D. Mass. July 26, 2011). Municipal Def. Obj. at 2-8.

Whether a claim in a complaint should survive a motion to dismiss is governed by the now familiar "plausibility" standard. <u>Ashcroft v. Iqbal</u>, - - - U.S. - - - , 129 S.Ct. 1937 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007). Under this standard, dismissal of a complaint pursuant to Rule 12(b)(6) is not appropriate if the complaint satisfies the two-pronged requirement in Rule 8(a)(2) of "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Ocasio-Hernández v. Fortuño-Burset</u>, 640 F.3d 1, 8 (1st Cir. 2011) (citing Fed. R. Civ. P. 8(a)(2)). As to the first prong, a "short and plain" statement "needs only enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555). However, in order to satisfy the second prong of showing an entitlement to relief, "a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555). "In short, an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." <u>Id.</u> Although the court must disregard "'legal conclusion[s] couched as . . . fact[]' or '[t]hreadbare recitals of the elements of a cause of action,'" <u>id.</u> (quoting <u>Iqbal</u>, 129 S.Ct. at 1949), and "allegations that merely parrot the elements of the cause of action," <u>id.</u>, in this analysis, "[n]on-conclusory factual allegations

in the complaint must be treated as true, even if the allegations seem incredible."  Id.

Applying this standard, the Court turns its attention to the allegations in the Plaintiffs'
complaints which each contain Count Two, a claim pursuant to 42 U.S.C. § 1983 for "violation of
free speech and assembly rights."  Hague Am. Compl. ¶¶45-47; Curtin Compl. ¶¶38-40; D'Astous
Compl. ¶¶44-46; Dowd Compl. ¶¶45-47.[1]  These claims arise out of the October 9, 2007 Westfield
School Committee meeting at which the termination of the WVS's HVAC program was on the
agenda.  In relevant part (and in substantially similar language in each of the four complaints), the
Plaintiffs allege that "[u]pon arriving at the school committee meeting the HVAC parents and
students were met with threats, coercion and intimidation.  The meeting room had been filled with
unconcerned and unconnected supporters of defendant Hillary Weisgerber [who was the director of
the WVS].  Three Westfield police officers had been hired to essentially prohibit the parents from
entering the room and speaking on behalf of their children.  The parents and supports [sic] of the
program, including local HVAC contractors, were prohibited from attending the entire meeting and
were only allowed to enter the meeting one at a time and make a statement."  Hague Am. Compl.
¶34; see also Curtin Compl. ¶ 27; D'Astous Compl. ¶ 31; Dowd Compl. ¶ 33.  Although the
pleadings proceed to note that the school committee did hear from "numerous HVAC business
owners," "graduates of the program who had found successful employment" and "parents who pled
with the [school] board to allow sophomore students to finish their high school career in the
[HVAC] program with a certified teacher," Hague Am. Compl. ¶35; see also Curtin Compl. ¶ 28;
D'Astous Compl. ¶ 33; Dowd Compl. ¶ 33, Plaintiffs rely upon the aforementioned allegations to

---

[1]The magistrate judge allowed Plaintiffs' motions to amend and, as was agreed by the
parties, the Defendants' motions to dismiss were considered as to the complaints as amended.
Report & Recommendation at 8.

5

claim that, as a result of the defendants' action, they were denied the "right to meaningfully attend and speak at the public school committee meeting held on October 9, 2007." Hague Am. Compl. ¶46; see also Curtin Compl. ¶ 39; D'Astrous Compl. ¶ 45; Dowd Compl. ¶ 46.

To show a deprivation of their First Amendment rights, Plaintiffs "must allege that [their] speech was in fact chilled or intimidated by [the Municipal Defendants' actions]." Sullivan v. Carrick, 888 F.2d 1, 4 (1st Cir. 1989). Plaintiffs' pleadings have made those allegations here. Although they acknowledge that the school board heard from parents opposed to the HVAC program closure, they claim, as a result of police officers who were hired to bar them from entering the room, only being allowed to enter one at a time and encountering "threats, coercion and intimidation" at the meeting, their free speech was chilled. On these allegations, at this juncture of the case (i.e., the pleading stage), this Court cannot conclude that this claim, Count Two, is not viable. The Defendants rely heavily upon Willoughby v. Town of Tisbury, 750 F.Supp. 2d 374 (D. Mass. 2010) –in which the court granted the town's motion to dismiss where there were insufficient allegations in the complaint to plead that the officers' actions chilled or intimated the plaintiff father's speech, id. at 381–to argue that the Plaintiffs have "fail[ed] to allege how their speech was chilled." Municipal Def. Objs. at 7. Relying upon the Sullivan standard that the plaintiff must allege that his speech was chilled or intimidated by the defendant's conduct, the court in Willoughby ruled that the plaintiffs' "blanket allegation" about such chilling effect was in fact belied by the "substantive assertions" that the plaintiff father "effectively told one of the police officers that his speech would not be not chilled" as he "repeatedly complained [about the officers] to both the Town police and the Edgartown police." Id. at 381. Even considering the allegation in the complaints here that, despite whatever wrongful conduct the defendants engaged in at the school committee meeting,

6

"parents who pled with the board to allow the sophomore students to finish their high school career in the program with a certified teacher" were heard, such allegation does not belie the claim that the Plaintiffs' speech was chilled.  That is, there is a plausible inference from the allegations that the Municipal Defendants' actions in connection with the October 9, 2007 meeting would chill the First Amendment actions of the Plaintiffs.  Hall v. Lanier, 766 F. Supp. 2d 48, 53 (D.D.C. 2011) (denying motion to dismiss First Amendment claim where plaintiff had alleged that he was informed by several officers that if he did not refrain from speaking he would be arrested for no legal reason and where he alleged that he was compelled to speak by officers).  The Court cannot say at this juncture that the alleged "chilling effect is speculative, indirect or too remote [such that] finding an abridgment of First Amendment rights is unfounded."  Sullivan, 888 F.2d at 4.  "Although evaluating the plausibility of a legal claim requires the reviewing court to draw on its judicial experience and common sense, the court may not disregard properly pled factual allegations, even if it strikes a savvy judge that actual proof of those facts is improbable."  Ocasio-Hernández, 640 F.3d at 8 (citations and quotations omitted).  "Nor may a court attempt to forecast a plaintiff's likelihood of success on the merits; 'a well-pleaded complaint may proceed even if a recovery is very remote and unlikely.'"  Id. (quoting Twombly, 550 U.S. at 556).  Accordingly, since the Court cannot say at this pleading stage that Plaintiffs can prove no facts in support of Count Two, see Hall, 766 F. Supp. 2d at 53, the Court denies the motions to dismiss as to this claim.

The dismissal of the First Amendment claim of Steven R. Estock, the teacher who worked in the WVS HVAC program, against the same defendants in Estock v. City of Westfield, 2011 WL 3207767, *1 (D. Mass. July 26, 2011), does not warrant a different result as the Municipal Defendants argues it does.  In this separate action, Estock sued the Municipal Defendants (with the

exception of Shirley Alvira, the current superintendent of the Westfield schools, who was not named in the Estock case) for federal and state claims relating to his suspension and eventual termination as a teacher in the WVS HVAC program. Estock's claims included claims for violation of 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act ("MCRA") for the Municipal Defendants' "alleged violation of his First Amendment right to free speech." Id. at *10. Unlike the Plaintiffs here, Estock's First Amendment claims arose from the September 24, 2007 open house at the High School, not the later October 9, 2007 school board meeting, and further asserted that the defendants had retaliating against him for exercising his free speech and assembly rights at that meeting when he addressed the parents' concerns about closure of the HVAC program. Id. Upon the Municipal Defendants' motion for summary judgment, the Court entered judgment for the defendants on all claims, including the First Amendment claims. This dismissal upon summary judgment in Estock does not compel dismissal at the pleadings stage here. First, Estock's claims concerned a different set of relevant facts (i.e., Estock's speech at the open house), although they are related to the Plaintiffs' dispute with Municipal Defendants regarding the closure of the HVAC program. Second, Estock's status as a teacher employed by Westfield and the nature of his claim against the Municipal Defendants (i.e., retaliatory action for exercise of his First Amendment rights) required the Court to engage in analysis that would not apply to the Plaintiffs, who do not work for Westfield and do not press a retaliatory claim. That Estock did not prevail against the Municipal Defendants where he failed to prove both that his speech to parents at a school function was not speech as a private citizen offering his opinions on matters of public concern and that his interest in public expression outweighed the Municipal Defendants' interest in the efficient performance of the school system's services, id. at 11-12, does not answer whether the Plaintiffs in this case will prevail where such

analysis will not be warranted.  Third, the court in <u>Estock</u> dismissed the plaintiff's claims at the summary judgment stage after the completion of discovery and full briefing of the summary judgment motion, including the filing of a statement of material facts pursuant to Local Rule 56.1, by both sides.  <u>See</u> D. 20-22, 24-27, 29 in <u>Estock</u>, Civ. No. 09-30218-MAP.  Accordingly, the result in <u>Estock</u> does not suggest that these Plaintiffs, claiming that their free speech was chilled at the October 9, 2007 school board meeting, should not be allowed to proceed past the pleading stage.[2]

To the extent that the Municipal Defendants urge this Court to dismiss Count Two on the grounds that the Plaintiffs lack standing, the Court also declines to dismiss the count on these grounds.  <u>See</u> Municipal Def. Obj. at 2 (arguing that "the report and recommendation fails to properly consider the standing of plaintiffs to raise the claims alleged").  "The constitutional core of standing requires that a plaintiff makes a tripartite showing: [plaintiff] must demonstrate that she has suffered an injury in fact, that her injury is fairly traceable to the disputed conduct, and that the relief sought promises to redress the injury sustained."  <u>Osediacz v. City of Cranston</u>, 414 F.3d 136,

---

[2]The Court notes that the Municipal Defendants in their motions invited the Court to treat their motions to dismiss as motions for summary judgment pursuant to Fed. R. Civ. P. 56 and to rely upon the affidavits and exhibits to their motion papers to do so.  Municipal Def. Memo at 2. In their written opposition, the Plaintiffs argued that it would be inappropriate to treat the Defendants' motions as anything other than motions to dismiss.  <u>See</u> Hague Opp. at 24-29; Curtin Opp. at 24-29; D'Astous Opp. at 24-29; Dowd Opp. at 24-29.

A motion to dismiss may be converted to a motion for summary judgment "[a]t the discretion of the district court."  <u>Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.</u>, 524 F.3d 315, 321 (1st Cir. 2008) (citing Fed. R. Civ. P. 12(d)).  Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  <u>Am. Airlines, Inc. V. Cardoza-Rodriguez</u>, 133 F.3d 111 (1st Cir. 1998).  Although Defendants offer extensive materials, the magistrate judge treated the motions as motions to dismiss and this Court declines to do otherwise since it would be premature to do so where discovery is not complete and would be unfair to Plaintiffs on this incomplete record and without full briefing of same by the parties.

139 (1st Cir. 2005).   Despite the Municipal Defendants' suggestion otherwise, "[t]he standing inquiry is not very demanding."  Id. at 143.  Although the Municipal Defendants raise the specter that the Plaintiffs lack standing to assert Count Two, they do not clearly develop this argument in their objections.  Their argument seems to be that Plaintiffs have failed to show injury in fact since the students, on whose behalf these complaints were brought, have either transferred into an HVAC program at another school or graduated and such a development "has the effect of rendering this Court unable to protect any rights that they might have had."  Municipal Def. Obj. at 9.  This argument, however, is beside the point.  The "injury in fact" for Count Two is not the closure of the HVAC program (or the effect thereof), it is the allegedly *chilled speech*.  This injury, as alleged, has in fact been suffered by these plaintiffs as the result of the Defendants' actions at the October 9, 2007 school board meeting.  Cf. Osediacz, 414 F.3d at 142 (concluding that a plaintiff seeking to challenge the city's policy to approve public religious displays did not have standing where she did not assert that she had attempted unsuccessful to place a display on the public property, claimed no interest in doing so and "does not assert that the Policy takes away her appetite for expressing herself or chills her speech in any cognizable way").  As alleged, this injury–chilled speech–resulted in, among other things, "emotional distress and anxiety," "mental suffering" and "humiliation" that the relief sought (namely, damages) promises to redress.  Hague Am. Compl. ¶47 and at 15; see also Curtin Compl. ¶ 40 and at 14; D'Astous Compl. ¶ 46 and at 14; Dowd Compl. ¶ 47 and at 15.

Because, upon de novo review of the Municipal Defendants' objections, the Court concludes that claim in Count Two has been sufficiently pled to survive their motion to dismiss, the Court adopts the recommendation that Count Two not be dismissed at least to those Municipal Defendants in charge of the October 9, 2007 school committee meeting.

### III.    Conclusion

For the foregoing reasons, the report and recommendation of Magistrate Judge Neiman is ADOPTED and ACCEPTED.  Accordingly, the Court GRANTS the DESE Defendants' motion to dismiss as to each of the four complaints in their entirety.  The Court also GRANTS the Defendants' motion to dismiss the IDEA claims raised by Plaintiffs Hague and Dowd in Count Twelve of their respective complaints.   The Court also GRANTS the motions to dismiss of the Municipal Defendants as to Counts One and Three.  The Court GRANTS IN PART and DENIES IN PART the Municipal Defendants' motions to dismiss as to Count Two; dismissal of Count Two is only granted as to the Defendants Weisgerber, McDowell, York, Wagner, Pippin and Alvira, as there has been no allegation that these defendants were in charge of  the October 9, 2007 school board meeting, but is denied as to the remainder of the Municipal Defendants, namely the Town of Westfield and school committee chair and members Michael Boulanger, Mary Ann Cleland, Laura Maloney, Kevin Sullivan, Robert Kapinos, Mary Beth Ogulewicz Sacco and Heather Sullivan.  The Court declines to exercise supplemental jurisdiction over the claims in Counts Five through Eleven (and in Curtin's complaint, Count Twelve) pursuant to 28 U.S.C. § 1367(c) because no party has objected to the report and recommendation in this regard and the exercise of supplemental jurisdiction is not otherwise compelled by the circumstances and posture of this case.  The Court, however, does exercise its supplemental jurisdiction over the Massachusetts Civil Rights Act claim in Count Four–which relates to the remaining federal claim in Count Two–and, for the reasons articulated in

the report and recommendation, dismisses that claim.

**So ordered.**

/s/ Denise J. Casper
United States District Judge